**GARFUNKEL WILD, P.C.**
ATTORNEYS AT LAW

111 GREAT NECK ROAD • GREAT NECK, NEW YORK 11021
TEL (516) 393-2200 • FAX (516) 466-5964

www.garfunkelwild.com

MICHAEL J. KEANE
Partner Director
Licensed in NY, NJ
Email: mkeane@garfunkelwild.com
Direct Dial: (516) 393-2263

FILE NO.:  90539.1002

November 5, 2019

**By ECF**
The Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

Re:  *Giurca v. Good Samaritan Hospital, et al.;* Case No. 1:19-cv-07761

Dear Judge Carter:

We represent Defendants Good Samaritan Hospital, Bon Secours Charity Health System, Westchester Medical Center Health Network (collectively, the "Hospital"), and write pursuant to your Individual Practice Rules to request a pre-motion conference to seek leave to file a motion to dismiss Plaintiff Dr. Giurca's Complaint.

**Factual Background**

Westchester Medical Center Health Network, known as WMC Health, is a network of affiliated hospitals that provide integrated healthcare throughout the Hudson Valley. Included within that network is Bon Secours Health System, a Catholic not-for-profit health system that includes Good Samaritan Hospital in Suffern.[1]  Bon Secours Health System, like all Catholic healthcare providers across the country, has adopted a code of conduct called the Ethical and Religious Directives for Catholic Health Care Services (the "ERD's"), which its employees and physicians are required to follow.  The ERD's do not force any individual to agree with or profess a belief in any religion.  They instead regulate conduct – nothing more and nothing less.  In particular, the ERD's require the Catholic facility to, *inter alia*, engage in medical research, and direct that employees and physicians refrain from providing certain healthcare services at the facility, such as abortion.

Dr. Giurca previously applied for privileges and employment at Good Samaritan Hospital, but his application did not proceed because he objected to the requirement that Good Samaritan Hospital employees and physicians adhere to the ERD's.  In the Complaint, Dr. Giurca alleges that the ERD's interfere with his religious beliefs, and that he is effectively blacklisted from privileges or employment based on his religion.  Based on these factual allegations, Dr. Giurca asserts claims for religious discrimination under Title VII of the Civil

---

[1] In the Complaint, at paragraph 33, Plaintiff alleges Westchester Medical Center "purchased" Good Samaritan Hospital, Saint Anthony Hospital and Bon Secours Charity Hospital from the Sisters of Bon Secours. This is false, but the erroneous statement is not relevant for purposes of this motion.

NEW YORK                    NEW JERSEY                    CONNECTICUT

5490324v.2

The Honorable Andrew L. Carter, Jr.
November 5, 2019
Page 2

Rights Act of 1964 and intentional and negligent infliction of emotional distress. He further seeks an injunction to remove his name from the alleged employment blacklist.

**Motion To Dismiss**

Under Rule 12(b)(6), a plaintiff must allege facts that, accepted as true, make out the elements of a claim. *Kajoshaj v. New York City Dep't of Educ.*, 543 F. App'x 11, 13 (2d Cir. 2013). While the court on a motion to dismiss pursuant to Rule 12(b)(6) must accept as true the factual allegations in the complaint that have been well-pled, the complaint must state facts that make its claim plausible, and the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Salas v. New York City Dep't of Investigation*, 298 F. Supp. 3d 676, 682 (S.D.N.Y. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). Dr. Giurca's claims, which are all premised on the Hospital's imposition of a code of conduct, are inadequately pled or deficient for the following reasons.

With respect to his religious discrimination claim, Dr. Giurca has not alleged any facts capable of supporting a claim that the Hospital violated Title VII of the Civil Rights Act. To state a cognizable claim, he must allege he "has a sincere religious belief that conflicted with an employment requirement; (2) [he] informed her prospective employer of [his] religious views or practices; and (3) [he] was not hired because of her inability to comply with the conflicting employment requirement." *Shapiro-Gordon v. MCI Telecommunications Corp.*, 810 F. Supp. 574, 578 (S.D.N.Y. 1993); *see Kajoshaj v. New York City Dep't of Educ.*, 543 F. App'x 11, 14 (2d Cir. 2013). Dr. Giurca, who concededly has never read the ERD's, cannot show that the ERD's conflict with his ability to profess his religious beliefs. The ERD's are a code of conduct which have no bearing on any individual's ability to practice any religion. They regulate conduct, not personal beliefs. *See* Hollie J. Paine, The Catholic Merger Crusade, 2 J. Health Care L. & Pol'y 371, 374 (1999). Entities, including religious-affiliated organizations, are permitted to require that their employees and physicians comply with a code of conduct. *See Lytle v. JPMorgan Chase*, No. 08 CIV. 9503 DAB JLC, 2012 WL 393008, at *23 (S.D.N.Y. Feb. 8, 2012), report and recommendation adopted sub nom, No. 08 CIV. 9503 DAB, 2012 WL 1079964 (S.D.N.Y. Mar. 30, 2012), aff'd, 518 F. App'x 49 (2d Cir. 2013). (finding it is not discriminatory to fire an employee for refusing to affirm the employer's code of conduct); *see also Boyd v. Harding Acad. of Memphis, Inc.*, 88 F.3d 410, 414 (6th Cir. 1996) (finding no discrimination where employee's action, extramarital sexual activity, violated the code of conduct that teachers at Catholic institution are required to follow); *Parker-Bigback v. St. Labre School*, 7 P.3d 361, 364 (Mont. 2000) (finding no discrimination based on rules of conduct in Catholic institution's employment agreement); *see generally Mercado, Quilichini v. U.C.P.R.*, No. RE-90-577, 1997 WL 878471 (P.R. June 27, 1997) (finding trial court did not err in applying the rules of a Catholic University that required professors, as an employment condition, to abide by the norms, values, and tenets of the Catholic Church); *see generally Dolter v. Wahlert High Sch.*, 483 F. Supp. 266, 270 (N.D. Iowa 1980) ("The Court has no quarrel. . . with [the Catholic school] defendant's contention that it can define moral precepts and prescribe a code of moral conduct that its [employees]. . . must follow"). *See also* N.Y. Pub. Health Law § 2801-b (1). Furthermore, Dr. Giurca cannot show that he was denied employment or privileges because of his religious beliefs. It is undisputed he refused to sign an agreement with the

**GARFUNKEL WILD, P.C.**

Hospital because he did not want to abide by the ERD's. This is a facially legitimate reason for denying him privileges or employment because the Hospital is permitted to require that its employees and physicians comply with a code of conduct.

For the same reasons, Dr. Giurca cannot show he is entitled to injunctive relief. Injunctive relief is only appropriate where a plaintiff can succeed on the merits, show an absence of an adequate remedy at law, and irreparable harm if the relief is not granted *Ravina v. Columbia Univ.*, No. 16-CV-2137 (RA), 2019 WL 1450449, at *15 (S.D.N.Y. Mar. 31, 2019). Dr. Giurca's claim is premised on the same allegations as his meritless religious discrimination claim, and therefore cannot be sustained.

As for his claim for emotional distress, Dr. Giurca asserts theories under both intentional and negligent infliction of harm, but he has not alleged the requisite elements for either claim. A claim for intentional infliction of emotional distress requires a plaintiff to show '(i) extreme and outrageous conduct (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress, (iii) a causal connection between the conduct and injury, and (iv) severe emotional distress.'" *Lydeatte v. Bronx Overall Economic Development Corp.*, 2001 WL 180055, at *1 (S.D.N.Y. 2001) (quoting *Howell v. New York Post Co., Inc.*, 81 N.Y.2d 115, 121 (1993)). The requirement for the first element – extreme and outrageous conduct – is very strict, only permitting liability where "the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (quoting *Murphy v. American Home Prod. Corp.*, 58 N .Y.2d 293, 303 (1983)) (finding allegations that defendant was biased against plaintiff based on her race, harassed and treated her poorly, and denied her the same benefits, opportunities, and conditions of employment of other employees prior to her termination fell far afield of the requisite conduct to state a claim). Negligent infliction of emotional distress "may be established under either (1) the '"bystander theory" or (2) the "direct duty theory.' Both theories require physical injury or the threat of danger, either to the plaintiff himself or to a close family member. *Vaughn v. American Multi Cinema, Inc.*, 2010 WL 3835191, at *5 (S.D.N.Y. 2010) (quoting *Baker v. Dorfman*, 239 F.3d 415, 421 (2d Cir.2000)).

Dr. Giurca asserts that he previously endured religious persecution in another country, and the Hospital's alleged discrimination re-traumatized him with those past experiences. These allegations do not show any outrageous conduct by the Hospital to support intentional infliction of emotional distress, and there is no causal connection between the Hospital's code of conduct and Dr. Giurca's past religious persecution. Further, there is no suggestion that the Hospital's code of conduct caused physical injury or the threat of danger to Dr. Giurca or any of his close family members, as required to state a claim for negligent infliction of emotional distress.[2]

Based on the foregoing, the Hospital respectfully requests a pre-motion conference to seek leave to file a motion to dismiss.[3]

---

[2] In addition, this Court lacks subject matter jurisdiction over these state law claims because Dr. Giurca has not stated any viable federal claim.

[3] In the alternative, the Hospital seeks leave to move to change venue to White Plans pursuant to Local Rule for Division of Business 18(a) because the alleged claims arose in the "Northern Counties," and all defendants reside in the "Northern Counties." The Hospital also believes the Plaintiff lives and works in the "Northern Counties."

The Honorable Andrew L. Carter, Jr.
November 5, 2019
Page 4

                                            Respectfully submitted,

                                            */s/ Michael J. Keane*

                                            Michael J. Keane

cc:    Robert W. Sadowski, Esq.

**GARFUNKEL WILD, P.C.**

5490324v.2