SUPREME COURT OF THE STATE OF NEW YORK
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
DR. DAN GIURCA,

      Plaintiff,

 -against-

GOOD SAMARITAN HOSPITAL;
BON SECOURS CHARITY HEALTH
SYSTEM; and WESTCHESTER
MEDICAL CENTER HEALTH
NEW YORK

      Defendants.
------------------------------------- X

**ANSWER TO**
**AMENDED COMPLAINT**

Civ. No.: 19 civ 07761 (CS)

  Defendants Good Samaritan Hospital, Bon Secours Charity Health System and Westchester County Health Care Corporation, improperly named as Westchester Medical Center Health New York, by their attorneys, Garfunkel Wild, P.C., for their Answer to Plaintiff Dr. Dan Giurca's Amended Complaint, dated February 10, 2020 (the "Complaint"), allege as follows:

  1. Deny the allegations contained in Paragraph 1 of the Amended Complaint, except respectfully refer all questions and conclusions of law to the Court.

  2. Deny the allegations contained in Paragraph 2 of the Amended Complaint, except neither admit nor deny the allegations insofar as they concern Plaintiff's reasonable accommodation and discrimination claims because the Court's Order dated March 23, 2021 (the "Order") dismissed those claims.[1]

---

[1] To the extent that a response is required, deny the allegations.

1

## JURISDICTION AND VENUE

3. Deny the allegations contained in Paragraph 3 of the Amended Complaint, except respectfully refer all questions and conclusions of law to the Court.

4. Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4 of the Amended Complaint, except respectfully refer the Court to the "Notice of Right to Sue" attached to the Amended Complaint for its true and correct contents.

5. Deny the allegations contained in Paragraph 5 of the Amended Complaint, except admit at least one Defendant resides in the Southern District of New York and respectfully refer all questions and conclusions of law to the Court.

## THE PARTIES

6. Deny knowledge or information sufficient to form a belief as the allegations contained in Paragraph 6 of the Amended Complaint.

7. Deny the allegations contained in Paragraph 7 of the Amended Complaint, except admit that Good Samaritan Hospital is a not-for-profit hospital that is part of Bon Secours Charity Health System and that its services extend across the continuum of care to all disciplines, and further admit Good Samaritan Hospital is part of the WMCHealth Network.

8. Deny the allegations contained in Paragraph 8 of the Amended Complaint, except admit that Bon Secours Charity Health System is a Catholic not-for-profit health system that includes Good Samaritan Hospital, Bon Secours Community Hospital in Port Jervis, NY, St. Anthony Community Hospital in Warwick, NY, and Bon Secours Medical Group; and deny knowledge or information sufficient to form a belief as to the last two sentences contained in Paragraph 10 of the Amended Complaint because "system" is vague and undefined.

9. Deny the allegations contained in Paragraph 9 of the Amended Complaint, except admit Westchester County Health Care Corporation ("WCHCC") is a New York public benefit corporation originally created in 1997 through its Enabling Act to operate the Westchester Medical Center and that WCHCC has grown and formed a large network of hospitals and facilities (known as WMCHealth Network) that provides the services described in Paragraph 9 of the Amended Complaint.  WCHCC has a website to which the Court is respectfully referred to its website for its true and correct contents.

10. Deny the allegations contained in Paragraph 10 of the Amended Complaint.

**FACTS**

11. Neither admit nor deny the allegations contained in Paragraph 11 of the Amended Complaint because the Order dismissed any claims that are based on these allegations.  To the extent a response is required, deny knowledge or information sufficient to form a belief as to the allegations.

12. Neither admit nor deny the allegations contained in Paragraph 12 of the Amended Complaint because the Order dismissed any claims that are based on these allegations.  To the extent a response is required, deny knowledge or information sufficient to form a belief as to the allegations.

13. Neither admit nor deny Paragraph 13 of the Amended Complaint as there are no allegations contained in Paragraph 13 of the Amended Complaint.

14. Neither admit nor deny the allegations contained in Paragraph 14 of the Amended Complaint because the Order dismissed any claims that are based on these allegations.  To the extent a response is required, deny knowledge or information sufficient to form a belief as to the allegations.

15. Neither admit nor deny the allegations contained in Paragraph 15 of the Amended Complaint because the Order dismissed any claims that are based on these allegations. To the extent a response is required, deny knowledge or information sufficient to form a belief as to the allegations.

16. Neither admit nor deny the allegations contained in Paragraph 16 of the Amended Complaint because the Order dismissed any claims that are based on these allegations. To the extent a response is required, deny knowledge or information sufficient to form a belief as to the allegations, except respectfully refer the Court to the February 24, 2017 communication for its true and correct contents.

17. Neither admit nor deny the allegations contained in Paragraph 17 of the Amended Complaint because the Order dismissed any claims that are based on these allegations. To the extent a response is required, deny the allegations.

18. Neither admit nor deny the allegations contained in Paragraph 18 of the Amended Complaint because the Order dismissed any claims that are based on these allegations. To the extent a response is required, deny the allegations.

19. Neither admit nor deny the allegations contained in Paragraph 19 of the Amended Complaint because the Order dismissed any claims that are based on these allegations. To the extent a response is required, deny the allegations, except respectfully refer the Court to the February 27, 2017 email for its true and correct contents.

20. Neither admit nor deny the allegations contained in Paragraph 20 of the Amended Complaint because the Order dismissed any claims that are based on these allegations. To the extent a response is required, deny knowledge or information sufficient to form a belief as to the

allegations, except respectfully refer the Court to the February 28, 2017 email for its true and correct contents.

21. Neither admit nor deny the allegations contained in Paragraph 21 of the Amended Complaint because the Order dismissed any claims that are based on these allegations. To the extent a response is required, deny the allegations.

22. Neither admit nor deny the allegations contained in Paragraph 22 of the Amended Complaint because the Order dismissed any claims that are based on these allegations. To the extent a response is required, deny the allegations.

23. Neither admit nor deny the allegations contained in Paragraph 23 of the Amended Complaint because the Order dismissed any claims that are based on these allegations. To the extent a response is required, deny the allegations, except respectfully refer the Court to the February 28, 2017 email for its true and correct contents.

24. Neither admit nor deny the allegations contained in Paragraph 24 of the Amended Complaint because the Order dismissed any claims that are based on these allegations. To the extent a response is required, deny the allegations.

25. Neither admit nor deny the allegations contained in Paragraph 25 of the Amended Complaint because the Order dismissed any claims that are based on these allegations. To the extent a response is required, deny the allegations, except respectfully refer the Court to the February 28, 2017 email for its true and correct contents.

26. Neither admit nor deny the allegations contained in Paragraph 26 of the Amended Complaint because the Order dismissed any claims that are based on these allegations. To the extent a response is required, deny knowledge or information sufficient to form a belief as to the

allegations, except respectfully refer the Court to the March 2, 2017 communication for its true and correct contents.

27. Neither admit nor deny the allegations contained in Paragraph 27 of the Amended Complaint because the Order dismissed any claims that are based on these allegations. To the extent a response is required, deny the allegations, except respectfully refer the Court to the March 22, 2017 communication for its true and correct contents.

28. Neither admit nor deny the allegations contained in Paragraph 28 of the Amended Complaint because the Order dismissed any claims that are based on these allegations. To the extent a response is required, deny knowledge or information sufficient to form a belief as to the allegations, except respectfully refer the Court to the per diem contract for its true and correct contents.

29. Neither admit nor deny the allegations contained in Paragraph 29 of the Amended Complaint because the Order dismissed any claims that are based on these allegations. To the extent a response is required, deny knowledge or information sufficient to form a belief as to the allegations, except respectfully refer the Court to the employment contract for its true and correct contents.

30. Neither admit nor deny the allegations contained in Paragraph 30 of the Amended Complaint because the Order dismissed any claims that are based on these allegations. To the extent a response is required, deny the allegations.

31. Neither admit nor deny the allegations contained in Paragraph 31 of the Amended Complaint because the Order dismissed any claims that are based on these allegations. To the extent a response is required, deny the allegations.

6030670v.2

32. Neither admit nor deny the allegations contained in Paragraph 32 of the Amended Complaint because the Order dismissed any claims that are based on these allegations. To the extent a response is required, deny the allegations.

33. Neither admit nor deny the allegations contained in Paragraph 33 of the Amended Complaint because the Order dismissed any claims that are based on these allegations. To the extent a response is required, deny knowledge or information sufficient to form a belief as to the allegations.

34. Neither admit nor deny the allegations contained in Paragraph 34 of the Amended Complaint because the Order dismissed any claims that are based on these allegations. To the extent a response is required, deny knowledge or information sufficient to form a belief as to the allegations.

35. Neither admit nor deny the allegations contained in Paragraph 35 of the Amended Complaint because the Order dismissed any claims that are based on these allegations. To the extent a response is required, deny knowledge or information sufficient to form a belief as to the allegations.

36. Neither admit nor deny the allegations contained in Paragraph 36 of the Amended Complaint because the Order dismissed any claims that are based on these allegations. To the extent a response is required, deny knowledge or information sufficient to form a belief as to the allegations.

37. Neither admit nor deny the allegations contained in Paragraph 37 of the Amended Complaint because the Order dismissed any claims that are based on these allegations. To the extent a response is required, deny knowledge or information sufficient to form a belief as to the allegations.

38. Neither admit nor deny the allegations contained in Paragraph 38 of the Amended Complaint because the Order dismissed any claims that are based on these allegations. To the extent a response is required, deny knowledge or information sufficient to form a belief as to the allegations, except respectfully refer the Court to the March 5, 2019 email for its true and correct contents.

39. Neither admit nor deny the allegations contained in Paragraph 39 of the Amended Complaint because the Order dismissed any claims that are based on these allegations. To the extent a response is required, deny knowledge or information sufficient to form a belief as to the allegations, except respectfully refer the Court to the March 5, 2019 email for its true and correct contents.

40. Neither admit nor deny the allegations contained in Paragraph 40 of the Amended Complaint because the Order dismissed any claims that are based on these allegations. To the extent a response is required, deny knowledge or information sufficient to form a belief as to the allegations.

41. Neither admit nor deny the allegations contained in Paragraph 41 of the Amended Complaint because the Order dismissed any claims that are based on these allegations. To the extent a response is required, deny the allegations.

42. Neither admit nor deny the allegations contained in Paragraph 42 of the Amended Complaint because the Order dismissed any claims that are based on these allegations. To the extent a response is required, deny the allegations, except respectfully refer all questions and conclusions of law to the Court.

43. Deny the allegations contained in Paragraph 43 of the Amended Complaint, except neither admit nor deny to the extent the allegations pre-date 2019 because the Order

dismissed any claims that are based on these allegations. To the extent a response is required, deny the allegations.

44. Deny the allegations contained in Paragraph 44 of the Amended Complaint, except neither admit nor deny to the extent the allegations pre-date 2019 because the Order dismissed any claims that are based on these allegations. To the extent a response is required, deny the allegations.

45. Deny the allegations contained in Paragraph 45 of the Complaint, except admit the named hospitals are part of WCHCC.

46. Deny the allegations contained in Paragraph 46 of the Complaint.

47. Deny the allegations contained in Paragraph 47 of the Complaint, except admit Good Samaritan and Bon Secours have employment policies and respectfully refer the Court to those policies for their true and correct contents.

48. Neither admit nor deny the allegations contained in Paragraph 48 of the Amended Complaint because the Order dismissed any claims that are based on these allegations. To the extent a response is required, deny the allegations.

49. Neither admit nor deny the allegations contained in Paragraph 49 of the Amended Complaint because the Order dismissed any claims that are based on these allegations. To the extent a response is required, deny the allegations, except respectfully refer the Court to the March 7, 2019 email.

50. Neither admit nor deny the allegations contained in Paragraph 50 of the Amended Complaint because the Order dismissed any claims that are based on these allegations. To the extent a response is required, deny the allegations.

51. Neither admit nor deny the allegations contained in Paragraph 51 of the Amended Complaint because the Order dismissed any claims that are based on these allegations. To the extent a response is required, deny knowledge or information sufficient to form a belief as to the allegations, except deny there was any "discrimination and retaliation for requesting an accommodation."

52. Neither admit nor deny the allegations contained in Paragraph 52 of the Amended Complaint because the Order dismissed any claims that are based on these allegations. To the extent a response is required, deny knowledge or information sufficient to form a belief as to the allegations, except deny that Dr. Giurca was qualified to hold any position at Good Samaritan Hospital.

53. Deny the allegations contained in Paragraph 53 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the allegations regarding the alleged conversations between Dr. Giurca and Dr. Bartell.

54. Deny the allegations contained in Paragraph 54 of the Amended Complaint, except respectfully refer the Court to the August 9 and August 20, 2019 emails for their true and correct contents.

55. Admit the allegations contained in Paragraph 55 of the Amended Complaint.

## COUNT 1
### Religious Discrimination

56. In response to Paragraph 56 of the Amended Complaint, Defendants repeat and re-allege the above responses as if fully set forth herein at length.

57. Neither admit nor deny the allegations contained in Paragraph 57 of the Amended Complaint because this cause of action has been dismissed pursuant to the Order. To the extent a response is required, deny the allegations.

58. Neither admit nor deny the allegations contained in Paragraph 58 of the Amended Complaint because this cause of action has been dismissed pursuant to the Order. To the extent a response is required, deny the allegations.

59. Neither admit nor deny the allegations contained in Paragraph 59 of the Amended Complaint because this cause of action has been dismissed pursuant to the Order. To the extent a response is required, deny the allegations.

60. Neither admit nor deny the allegations contained in Paragraph 60 of the Amended Complaint because this cause of action has been dismissed pursuant to the Order. To the extent a response is required, deny the allegations.

## COUNT 2
## Failure To Accommodate

61. In response to Paragraph 61 of the Amended Complaint, Defendants repeat and re-allege the above responses as if fully set forth herein at length.

62. Neither admit nor deny the allegations contained in Paragraph 62 of the Amended Complaint because this cause of action has been dismissed pursuant to the Order. To the extent a response is required, deny the allegations.

63. Neither admit nor deny the allegations contained in Paragraph 63 of the Amended Complaint because this cause of action has been dismissed pursuant to the Order. To the extent a response is required, deny the allegations.

64. Neither admit nor deny the allegations contained in Paragraph 64 of the Amended Complaint because this cause of action has been dismissed pursuant to the Order. To the extent a response is required, deny the allegations.

6030670v.2

65. Neither admit nor deny the allegations contained in Paragraph 65 of the Amended Complaint because this cause of action has been dismissed pursuant to the Order. To the extent a response is required, deny the allegations.

## COUNT 3
### Retaliation

66. In response to Paragraph 66 of the Amended Complaint, Defendants repeat and re-allege the above responses as if fully set forth herein at length.

67. Deny the allegations contained in Paragraph 67 of the Amended Complaint.

68. Deny the allegations contained in Paragraph 68 of the Amended Complaint.

69. Deny the allegations contained in Paragraph 69 of the Amended Complaint.

## COUNT 4
### Intentional And Negligent Infliction Of Emotional Distress

70. In response to Paragraph 70 of the Amended Complaint, Defendants repeat and re-allege the above responses as if fully set forth herein at length.

71. Neither admit nor deny the allegations contained in Paragraph 71 of the Amended Complaint because this cause of action has been dismissed pursuant to the Order. To the extent a response is required, deny the allegations.

72. Neither admit nor deny the allegations contained in Paragraph 72 of the Amended Complaint because this cause of action has been dismissed pursuant to the Order. To the extent a response is required, deny the allegations.

73. Neither admit nor deny the allegations contained in Paragraph 73 of the Amended Complaint because this cause of action has been dismissed pursuant to the Order. To the extent a response is required, deny the allegations.

## COUNT 5
### Injunctive Relief

74. In response to Paragraph 74 of the Amended Complaint, Defendants repeat and re-allege the above responses as if fully set forth herein at length.

75. Neither admit nor deny the allegations contained in Paragraph 75 of the Amended Complaint because this cause of action has been dismissed pursuant to the Order. To the extent a response is required, deny the allegations.

76. Neither admit nor deny the allegations contained in Paragraph 76 of the Amended Complaint because this cause of action has been dismissed pursuant to the Order. To the extent a response is required, deny the allegations.

### FIRST AFFIRMATIVE DEFENSE

77. Plaintiff's retaliation claim under Title VII of the Civil Rights Act must be dismissed on the grounds that all decisions and actions concerning Plaintiff and his employment were based on legitimate, non-discriminatory reasons.

### SECOND AFFIRMATIVE DEFENSE

78. Plaintiff's claims are barred in whole, or in part, by the principles of waiver, release, release, ratification, estoppel, unclean hands, laches, payment, and/or lack of good faith.

### THIRD AFFIRMATIVE DEFENSE

79. Plaintiff's claims are barred to the extent that Plaintiff has failed to satisfy the statutory and/or jurisdictional prerequisites for the commencement of this action.

### FOURTH AFFIRMATIVE DEFENSE

80. Plaintiff's claims may be barred in whole, or in part, by his failure to mitigate damages and/or injuries.

## FIFTH AFFIRMATIVE DEFENSE

81. This court lacks jurisdiction over plaintiff's claims because they were not raised in the charge filed with the Equal Opportunity Commission.

## SIXTH AFFIRMATIVE DEFENSE

82. Plaintiff's claims are barred to the extent that they were not filed within the applicable statute of limitations and/or administrative filing periods.

## SEVENTH AFFIRMATIVE DEFENSE

83. Plaintiff's claims for damages are barred in whole, or in part, by his own culpable conduct.

## EIGHTH AFFIRMATIVE DEFENSE

84. Plaintiff is not entitled to punitive damages as a matter of law, because Defendants acted at all times in good faith, and at no time engaged in discriminatory practices with malice, with willfulness, or with reckless disregard for Plaintiff's rights.

## NINTH AFFIRMATIVE DEFENSE

85. Plaintiff's claims are barred in whole, or in part, based on documentary evidence or lack thereof.

## TENTH AFFIRMATIVE DEFENSE

86. Plaintiff's claims are barred in whole, or in part, because Defendants had a legitimate, non-retaliatory reason for their actions.

## ELEVENTH AFFIRMATIVE DEFENSE

87. Plaintiff is not entitled to punitive damages from Defendants as a matter of law because they are part of WCHCC, which is a public benefit corporation.

## RESERVATION OF RIGHTS

88. Defendants reserve their right to amend or supplement their Answer or to assert additional defenses at or before trial as additional information is obtained through investigation and discovery.

WHEREFORE, Defendants demand judgment:

    a. Dismissing the Amended Complaint against them in its entirety;

    b. Awarding Defendants their reasonable costs and expenses in defending this action, including reasonable attorneys' fees; and

    c. For such other and further relief as this Court deems just and proper.

Dated: Great Neck, New York
       April 16, 2021

GARFUNKEL WILD, P.C.
*Attorneys for Defendants Good Samaritan, Hospital; Bon Secours Charity Health System; and Westchester Medical Center Health Network*

By:   */s/ Michael J. Keane*
      Michael J. Keane
      Gillian Barkins

111 Great Neck Road
Great Neck, New York 11021
(516) 393-2200

TO: Joseph H. Aron
    ARON LAW, PLLC
    4915 16TH Avenue
    Brooklyn, New York 11204
    (718) 635-9500 Ext. 248